Caruthers, J.,
delivered the opinion of the Court.
In October, 1854, Patrick Williams, being largely indebted, both as a member of the firm of Williams & Smith and individually, made an assignment of his individual
property, both real and personal, to John W. Pennington, in trust, to secure the payment of one firm debt, upon which the said trustee was surety, and sundry private debts, which were designated, amounting in all to about $1090; and then provided that the surplus should be applied to “ such other debts owing by me as may be presented and ascertained to be due and owing by me.”
The property was converted into money, the debts specially provided for paid, and a surplus of $4367 31 remained in the hands of the trustee. He files this bill, stating these facts, and also that the individual debts of Williams amount to $4991 39, and that the partnership of Williams & Smith is insolvent, and owes different persons about the sum of $4131 25. This bill is filed for the purpose of obtaining the instructions of the Court as to his duty under the deed in relation to the surplus.
*202 The controversy arises between the individual and firm creditors. The former claim the balance, and the latter insist that they are entitled to participate equally in the distribution. This cannot be so unless it is by force of the deed of trust. The general rule is clear that the separate creditors are entitled to priority out of the private effects of a dpbtor, and the joint creditors out of the effects of the firm of which the common debtor is a member. Story on Part., sec. 365; 3 Kent, Com., 65; 6 Humph., 234.
If this general rule is not changed by the deed, the question is settled. But it is insisted that this is done by the words above extracted from the deed. It is, then, a simple question of construction. It is true that the firm as well as the individual debts were “owing by him,” and that each partner is jointly and severally liable for all the obligations and assumptions of the firm. But this does not aid us much in arriving at a conclusion on the point in controversy. A debtor has a right to prefer his creditors in assignment as well as payment. The question is, whether his intention and purpose, according to the language used in the deed, sufficiently indicates a design to prefer his individual creditors. The property conveyed was his private and separate effects: that is one circumstance. It is also in accordance with the usual course of men, under such circumstances, to prefer to pay those who had trusted them individually to the joint creditors of himself and another, out of his separate effects, when he could not pay both.
He and others were examined to show that was his object and intention, and they prove it expressly; but that was all inadmissible, and cannot have any weight. The *203 paper alone can be looked to to ascertain its meaning and import.
We regard it as entirely sufficient to show that Ms intention was to give bis own separate creditors tbe preference, to tbe exclusion of tbe creditors of tbe firm.
Tbe case of Murrel et al. vs. Neill et al., 8 How. U. S. R., 414, is very much like tbe present, and an authority strongly in point.
Tbe decree of tbe Chancellor will be affirmed, with costs.